UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

GIOVANNA BENZA, an individual,

      Plaintiff,

      v.

IVEY DESIGN BUILD, CORP., a Florida Corporation,
and KIRK IVY, individually,

      Defendants.

_____/

## **COMPLAINT**

1.     Plaintiff, GIOVANNA BENZA (hereinafter referred to as "Plaintiff" and "BENZA"), is an individual residing in Broward County, Florida.

2.     At all times material to this Complaint, Defendants, IVEY DESIGN BUILD, CORP., a Florida Corporation, and KIRK IVY, individually (collectively referred to as "Defendants"), have owned and operated a full-service luxury construction company specializing in residential and commercial construction based at 1770 NE 205th Terrace, Miami, Florida 33179 in Miami-Dade County, Florida, within the jurisdiction of the Court.

3.     At all times material to this Complaint, Defendant, KIRK IVY, has owned and managed IVEY DESIGN BUILD, CORP., and Defendant IVY regularly exercised the authority to hire and fire employees including BENZA, determined the manner in which BENZA and other employees were compensated, determined how BENZA and other employees' hours worked were tracked or recorded, set the rates of pay of BENZA and other employees, and/or controlled the finances and day-to-day management operations of IVEY DESIGN BUILD, CORP.  By virtue of such control and authority, Defendant IVY is an employer of BENZA as defined by the FLSA, 29

1

U.S.C. §203(d).

4.      Plaintiff brings this action for unpaid overtime wages, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the FLSA, 29 U.S.C. §216(b).

5.      Jurisdiction is conferred on this Court by 29 U.S.C. §216(b) and 28 U.S.C. §1337.

6.      All of the events, or a substantial part of the events, giving rise to this action, occurred in Miami-Dade County, Florida, within the jurisdiction of the United States District Court for the Southern District of Florida, Miami Division.

7.      At all times material to this Complaint including but not necessarily limited to during the years of 2019, 2020, and 2021, Defendant, IVEY DESIGN BUILD, CORP., has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.  In this regard, BENZA alleges based upon information and belief, and subject to discovery, that at all times material to this Complaint including during the years 2019, 2020, and 2021, Defendant, IVEY DESIGN BUILD, CORP., employed two (2) or more employees who, *inter alia*, regularly: (a) handled and worked on construction materials and supplies such as tile, stone, drywall, cabinetry, framing, and paint that were goods and/or materials moved in or produced for commerce; (b) handled and worked with tools such as drills, hammers, cutting machines, mixers, and table saws which were goods and/or materials moved in or produced for commerce; (c) handled and worked with computers and office supplies—including but not limited to paper, pens, and UPS, FedEx, and United States Postal Service shipping materials—that were goods and/or materials moved in or produced for commerce; and (d) processed credit, debit, and/or electronic payments by and for Defendants' customers through banks and/or other financial institutions across State lines inside and outside of

Florida.

8.      Based upon information and belief, the annual gross sales volume of Defendant, IVEY DESIGN BUILD, CORP., was in excess of $500,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years of 2019, 2020, and 2021.

9.      At all times material to this Complaint, including but not necessarily limited to during the years of 2019, 2020, and 2021, Defendant, IVEY DESIGN BUILD, CORP., constituted an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

10.      In November 2019, Defendants hired BENZA as a non-exempt Project Manager on an hourly basis at the rate of $23.00 per hour.

11.      During the three (3) year statute of limitations period between approximately November 2019 and December 2021,[1] BENZA's primary duties as a Project Manager for Defendants' construction services business consisted of non-exempt tasks including working with subcontractors regarding remodeling projects as well as coordinating scheduling and budgets for construction jobs while preparing weekly project reports for Defendants, in addition to which duties Plaintiff also carried out bookkeeping and other ministerial office support work.

12.      In approximately April 2020, Defendants increased BENZA's regular rate of pay to $35.00 per hour.

13.      In approximately late January 2021, Defendants increased BENZA's regular rate of pay to $50.00 per hour.[2]

---

[1] On November 10, 2022, the parties entered into a Tolling Agreement which provided, *inter alia*, that the statute of limitations for BENZA's claims under the FLSA were tolled, such that the time period between November 1, 2022 and December 9, 2022 shall not be counted as reducing the applicable limitations period to BENZA's FLSA claims.
[2] In late January 2021, Defendants notified BENZA that they were transitioning her position from

14.     In April 2021, Defendants changed BENZA's job title to Director of Project Management, but Plaintiff's primary job duties for Defendants remained the same.

15.     Throughout BENZA's employment with Defendants during the three (3) year statute of limitations period between approximately November 2019 and December 2021, Plaintiff regularly worked in excess of Forty (40) hours per week and Defendants paid Plaintiff based upon regular rates of $23.00 per hour, $35.00 per hour, and $50.00 per hour but Defendants failed to pay BENZA time and one-half wages for the full extent of all of Plaintiff's actual overtime hours worked each week.

16.     The primary job duties performed by BENZA for Defendants as a Project Manager between November 2019 and December 2021 *did not* involve the exercise of independent judgment nor were Plaintiff's primary duties administrative tasks that involved exercising discretion for Defendants' general business operations.

17.     Likewise, the primary duties and work performed by BENZA for Defendants as a Project Manager between November 2019 and December 2021 required no capital investment and Plaintiff's duties *did not* substantially include managerial responsibilities or the exercise of independent judgment with respect to matters of significance in the operation of Defendants' administration or production operations.

18.     Finally, the primary duties of BENZA as a Project Manager for Defendants between November 2019 and December 2021 *was not* management of any department(s) of Defendants.

19.     During the three (3) year statute of limitations period between approximately November 2019 and December 2021, BENZA regularly worked as many as Six (6) to Seven (7)

---

hourly to salary based on a regular rate of $50.00 per hour with a weekly salary of $2,000.00 per week.

days per week with start times on weekdays as early as approximately 7:00 to 8:00 a.m. and stop

time times on week days as late as 10:00 to 11:00 p.m. as well as Saturdays between approximately

12:00 Noon and 7:00 p.m. and Sundays between approximately 1:00 p.m. and 6:00 p.m., regularly

working a total between approximately Sixty (60) and Seventy-Three (73 hours per week.

20.     Subject to discovery, while Defendants paid BENZA for *some* (but not all) of her

actual overtime hours worked between November 2019 and approximately early April 2021—

while Defendants failed to pay Plaintiff for any of her overtime hours worked between

approximately early April 2021 and December 2021—based upon Defendants owing Plaintiff:

>       (a) an average of approximately Ten (10) unpaid overtime hours per week
> during Nineteen (19) work weeks between November 2019 and March 2020 at the
> rate of $34.50/hour [$23.00/hour x 1.5 = $34.50/hour] in the amount of $6,555.00
> [$34.50/hour x 10 unpaid OT hours/week x 19 weeks = $6,555.00];

>       (b) an average of approximately Ten (10) unpaid overtime hours per week
> during Forty-One (41) work weeks between April 2020 and late January 2021 at
> the rate of $52.50/hour [$35.00/hour x 1.5 = $52.50/hour] in the amount of
> $21,525.00 [$34.50/hour x 10 unpaid OT hours/week x 41 weeks = $21,525.00];
> and

>       (c) an average of approximately Twenty-Five (25) unpaid overtime hours
> per week during Forty-Five (45) work weeks between late January 2021 and mid-
> December 2021 at the half-time rate of $15.38/hour [$2,000/65 hours = $30.77/2 =
> $15.38/hour] in the amount of $17,307.69 [$15.38/hour x 25 unpaid OT hours/week
> x 45 weeks = $17,307.69],

Plaintiff's unpaid overtime wages total approximately **$45,387.69** [$6,555.00 + $21,525.00 +

$17,307.69 = $45,387.69].

21.     Based upon information and belief, while records of some of the hours worked by

BENZA during the three (3) year statute of limitations period between November 2019 and

December 2021 are in Defendants' possession, custody, and control from handwritten time sheets

that were filled out, Defendants failed to maintain accurate records of all of the actual start times,

stop times, number of hours worked each day, and total hours actually worked each week by

Plaintiff during each week between approximately November 2019 and December 2021 as required by the FLSA, 29 C.F.R. §516.2(a)(7).

22.     At all times material to this Complaint, Defendants had knowledge of the hours worked by BENZA in excess of Forty (40) hours per week during the three (3) year statute of limitations period between approximately November 2019 and December 2021, but Defendants nonetheless willfully failed to compensate Plaintiff at time and one-half her applicable regular rates of pay for all of her overtime hours worked for Defendants, with Defendants instead accepting the benefits of the work performed by Plaintiff without paying all of the time and one-half overtime compensation required by the FLSA, 29 U.S.C. §207.

23.     The complete records reflecting the compensation paid by Defendants to BENZA during the three (3) year statute of limitations period between approximately November 2019 and December 2021 are in the possession, custody, and/or control of Defendants.

## COUNT I
## OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

24.     Plaintiff, GIOVANNA BENZA, readopts and realleges the allegations contained in Paragraphs 1 through 23 above.

25.     BENZA is entitled to be paid time and one-half of her applicable regular rate of pay for each hour she worked for Defendants as a non-exempt employee in excess of Forty (40) hours per work week during the three (3) year statute of limitations period between approximately November 2019 and December 2021.

26.     Defendants knowingly and willfully failed to pay BENZA at time and one-half of her applicable regular rates of pay for all hours worked for Defendants in excess of Forty (40) per week in numerous work weeks within the three (3) year statute of limitations period between approximately November 2019 and December 2021.

27.     At all times material to this Complaint, Defendants had constructive and actual notice that Defendants' compensation practices did not provide BENZA with time and one-half wages for all of her actual overtime hours worked between approximately November 2019 and December 2021 based upon, *inter alia*, Defendants knowingly failing to pay time and one-half wages for all of the actual hours worked in excess of Forty (40) hours per week by Plaintiff and Defendants instead failing to pay time and one-half wages for the overtime hours that Defendants knew had been worked for the benefit of Defendants.

28.     By reason of the said intentional, willful, and unlawful acts of Defendants, BENZA has suffered damages plus incurring costs and reasonable attorneys' fees.

29.     Based upon information and belief, at all times material to this Complaint, Defendants did not have a good faith basis for their failure to pay time and one-half wages for all of the actual hours worked by BENZA, as a result of which Plaintiff is entitled to the recovery of liquidated damages from Defendants pursuant to 29 U.S.C. §216(b).

30.     BENZA has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from Defendants all reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the FLSA.

31.     Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, GIOVANNA BENZA, demands judgment against Defendants, jointly and severally, IVEY DESIGN BUILD, CORP. and KIRK IVY, for the payment of all unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated:  December 31, 2022   Respectfully submitted,

        By: **<u>KEITH M. STERN</u>**
          Keith M. Stern, Esquire
          Florida Bar No. 321000
          E-mail:  <u>employlaw@keithstern.com</u>
          LAW OFFICE OF KEITH M. STERN, P.A.
          80 S.W. 8th Street, Suite 2000
          Miami, Florida 33130
          Telephone:  (305) 901-1379
          Fax:  (561) 288-9031
          Attorneys for Plaintiff

## <u>CONSENT TO JOIN FORM</u>

1.  I consent to be a party plaintiff in a lawsuit against Defendants, **<u>Ivey Design Build, Corp. and Kirk Ivy</u>**, as well as any related entities and individuals, to seek recovery for violations of the Fair Labor Standards Act (FLSA) pursuant to 29 U.S.C. §216(b) *et seq.*

2.  I hereby designate the Law Office of Keith M. Stern, P.A. to represent me in bringing my FLSA claims against Defendants and to make decisions on my behalf concerning the litigation and settlement of these claims. I agree to be bound by any settlement with Defendants approved by the Court and any adjudication by the Court, whether it is favorable or unfavorable.

3.  I also consent to join any other related action against Defendants, or any other potentially responsible parties, to assert my FLSA claims and for this Consent Form to be filed in any such action.

*Giovanna Benza*
Giovanna Benza (Oct 10, 2022 16:18 EDT)
**Giovanna Benza**